NOS. 12-99-00209-CR


 12-99-00210-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


TONY THOMAS TUDOR,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS

 

PER CURIAM


 Tony Thomas Tudor ("Appellant") was indicted on two counts of intoxication manslaughter
and two counts of intoxication assault. The State proceeded to trial first on the intoxication
manslaughter charges. Appellant was found guilty by a jury of the lesser included offense of public
intoxication. The State next proceeded to try the intoxication assault charges. Appellant filed a
pretrial writ of habeas corpus alleging that the State was barred from prosecuting him on those
charges under the collateral estoppel doctrine of the Double Jeopardy Clause of the United States
Constitution. The trial court denied the writ. Appellant appealed and we affirmed the judgment of
the trial court. (1) Appellant filed a petition for discretionary review with the court of criminal appeals
which remanded the case back to this court for further review in consideration of Ashe v. Swenson,
397 U.S. 436, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970). (2)


Factual Background


 The indictments in these cases arose from an accident involving a Mustang automobile and
an eighteen-wheel tractor-trailer. Five youths, including Appellant, were occupants of the Mustang. 
Four were thrown from the vehicle. Two were killed and two seriously injured. Appellant was
found pinned in the Mustang. 


Collateral Estoppel

 Collateral estoppel means that when an issue of ultimate fact has once been determined by
a valid and final judgment, that issue cannot again be litigated between the same parties in any future
lawsuit. Ashe, 397 U.S. at 443, 90 S. Ct. at 1189; see U.S. Const. amend. V. Where a previous
judgment of acquittal was based on a general verdict, the court must examine the record of the prior
proceeding, taking into account the pleadings, evidence, charge, and other relevant matters, and
determine whether a rational jury could have grounded its verdict upon an issue other than that which
the defendant seeks to foreclose from consideration. If the prior acquittal could not have been based
on another issue, the second prosecution is barred by collateral estoppel. See Ashe, 397 U.S. at 444-46, 90 S. Ct. at 1194-95. The burden is on the defendant to demonstrate that the issue he seeks to
foreclose from relitigation was actually decided in the first proceeding. See Schiro v. Farley, 510
U.S. 222, 233, 114 S. Ct. 783, 791, 127 L. Ed. 2d 47 (1994). 

 In Ashe, three or four masked men robbed the participants of a poker game. When Ashe was
tried for robbing one of the participants, the proof that the complainant had been robbed was
unassailable, but the evidence that Ashe had been one of the robbers was weak, and he was acquitted.
Six weeks later, Ashe was tried for the robbery of another participant in the poker game. His motion
to dismiss based on the prior acquittal was denied. The witnesses and jury instructions were
essentially the same as in the first trial, but the witnesses' identification of him was much stronger,
and he was found guilty. Because the record was devoid of any indication that the first jury could
have rationally found that the complainant had not been robbed, the only issue in dispute before that
jury was whether Ashe had been one of the robbers. Therefore, by its verdict, the jury in the first
trial had necessarily found that the petitioner had not been one of the robbers, and it could not have
grounded its verdict on an issue other than that of identification. Because the jury had already found
Ashe was not one of the robbers, he could not be tried a second time for being one. Accordingly,
the prosecution for robbery of the second participant was barred by collateral estoppel. See Ashe,
397 U.S. at 446-47, 90 S. Ct. at 1195-96.

 In the instant case, the jury charge in Appellant's first trial gave the jury the opportunity to
consider not only the intoxication manslaughter charge but also the lesser included offenses of
criminally negligent homicide, driving while intoxicated, and public intoxication. The jury found
Appellant guilty of the latter and by doing so, and following the instructions in the charge, impliedly
found him "not guilty" of the other charges. Most significantly, he was acquitted of driving while
intoxicated. To prove intoxication assault, the State would have to show that Appellant was
operating a motor vehicle in a public place while intoxicated. Tex. Pen. Code Ann. § 49.07(a)(1)
(Vernon Supp. 2002). In other words, the State must prove that Appellant was driving while
intoxicated. Tex. Pen. Code Ann. § 49.04(a) (Vernon Supp. 2002). Since this ultimate fact was
found against the State in the first trial, it is barred from relitigating that issue in a subsequent trial
under the collateral estoppel doctrine of the Double Jeopardy Clause of the United States
Constitution. See U.S. Const. amend. V; Ashe, 397 U.S. at 444-46, 90 S. Ct. at 1194-95.

 

Conclusion


 Appellant's issue is sustained because the trial court erred by denying the writ of habeas
corpus. The judgments of the trial court are reversed and judgments of acquittal are rendered in
accordance with this opinion. 


Opinion delivered January 23, 2002.

Panel consisted of Worthen, J., and Griffith, J.,

Davis, C.J., not participating



(DO NOT PUBLISH)
1. Tudor v. State, Nos. 12-99-00209-10-CR (Tyler Apr. 18, 2000) (not designated for publication).
2. Tudor v. State, Nos. 1129-00 & 1130-00 (Tex. Crim. App. Apr. 4, 2001) (not designated for publication).